UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-8018-WM

UNITED STATES OF AMERICA

v.

PEDRO TAVAREZ CAMPOS,

        Defendant.
_____/

CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?   ___ Yes  ✓ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   ___ Yes  ✓ No

        Respectfully submitted,

        ARIANA FAJARDO ORSHAN
        UNITED STATES ATTORNEY

BY: _____
        ROBIN WAUGH
        ASSISTANT UNITED STATES ATTORNEY
        Florida Bar No.   0837537
        500 South Australian Avenue, Suite 400
        West Palm Beach, Florida 33401
        Tel:      561-820-8711
        Fax:     561-820-8777
        Email:   robin.waugh@usdoj.gov

FILED BY KJZ D.C.

Jan 23, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America<br>v.<br>PEDRO TAVAREZ CAMPOS,<br><br>Defendant(s) | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No.  21-8018-WM |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __January 22, 2021__ in the county of __Palm Beach__ in the
__Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. §1326(a) | Illegal Re-entry After Removal |

This criminal complaint is based on these facts:
See Attached Affidavit in Support of Criminal Complaint

☑ Continued on the attached sheet.

_/s/ Joshua Woodbury_
Complainant's signature

Joshua Woodbury, DHS-HSI
Printed name and title

Sworn and Attested to me by Applicant by Telephone (FaceTime) per Fed.R.Crim.P. 4(d) and 4.1.

Date: 01/23/2021

_/s/ William Matthewman_
Judge's signature

City and state: West Palm Beach, Florida

William Matthewman, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT OF
## JOSHUA WOODBURY
## IN SUPPORT OF CRIMINAL COMPLAINT

I, Joshua Woodbury, being duly sworn, depose and say:

1. I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations (HSI). I have been a Special Agent with Homeland Security Investigations since June of 2008 and, as such, have participated in the investigation of criminal matters, including the apprehension of aliens unlawfully present in the United States. Prior to becoming a Special Agent with HSI, I was employed as a United States Customs Inspector. I attended and successfully completed the Criminal Investigator Training Program, as well as, the Special Agent training at the Federal Law Enforcement Training Center in Glynco, Georgia

2. As a Special Agent with Homeland Security Investigations, my duties and responsibilities include conducting criminal investigations of individuals and organizations who have violated federal laws, particularly those laws as found in Titles 8, 18, 19, and 21 of the United States Code. I have conducted investigations involving human smuggling and their related criminal activity. These investigations have focused on international organizations who organize transportation of persons seeking to enter the United States illegally. Through investigations and training, I am familiar with the methods and schemes employed by individuals to smuggle persons into the United States, and I am familiar with and have utilized a wide variety of investigative techniques.

### PROBABLE CAUSE

3. The statements contained in this affidavit are based on my personal experience and observations, as well as the experiences and observations of fellow law enforcement officers as they have been described to me. Because this affidavit is being submitted for the limited purpose

1

of establishing probable cause to believe that Pedro TAVAREZ CAMPOS has committed the criminal offense of re-entry after deportation, in violation of Title 8, United States Code, Section 1326(a), this affidavit does not set forth every fact known to me in this investigation, but only those facts necessary to establish probable cause.

4. On or about January 22, 2021, at approximately 10:14 p.m., a North Palm Beach Officer observed a U-Haul van parked at 316 Northlake Boulevard with three males outside of the vehicle. Upon entering the TD Bank Parking lot, the males attempted to avoid being seen by the officer. When the officer approached the three individuals, one of the male subjects fled the area, ran across Northlake Blvd to a parking lot and was later apprehended. At about the same time, approximately 15 individuals exited the parked U-Haul van and ran in different directions. Law enforcement responded to the scene and five individuals were taken into custody by North Palm beach Police Department.

5. United States Border Patrol responded to the scene and determined the individuals in custody failed to have no legal status or proper documentation to be legally allowed to enter the United States.

6. During processing, U.S. Border Patrol determined that Pedro TAVAREZ CAMPOS was a native and citizen of the Dominican Republic. The record checks through the Department of Homeland Security CLAIMS database failed to locate any evidence indicating that Pedro TAVAREZ CAMPOS had applied for or received permission from the appropriate government officials to lawfully reenter the United States.

7. Pedro TAVAREZ CAMPOS' fingerprints were entered into the e3/New Generation Identification system, which queries the Department of Homeland Security (DHS) database, as well as the Federal Bureau of Investigation (FBI) database. Pedro TAVAREZ

CAMPOS fingerprints resulted in a positive match for prior removals from the United States. Pedro TAVAREZ CAMPOS was encountered by U.S. Immigration Officials on or about December 27, 2002 and served a notice to appear. On or about January 31, 2003, CAMPOS was removed from the United States. On or about February 20, 2014 CAMPOS was arrested by New York Police Department, and subsequently removed from the United States on or about May 6, 2014.

8. Pedro TAVAREZ CAMPOS provided a post-<u>Miranda</u> statement, wherein he admitted to being smuggled into the United States on or about January 23, 2021. Pedro TAVAREZ CAMPOS also stated that he had been removed from the United Sates on at least two prior encounters and that he did not have the proper documentation to enter the United States legally.

Based on the foregoing, your Affiant respectfully submits that there is probable cause to believe that Pedro TAVAREZ CAMPOS committed the offense of being a previously removed alien found in the United States, in violation of Title 8, United States Code, Section 1326(a).

FURTHER AFFIANT SAYETH NAUGHT.

Joshua Woodbury
Special Agent
Homeland Security Investigations

Sworn and Attested to me by Applicant by
Telephone (FaceTime) per Fed.R.Crim.P. 4(d) and 4.1.
this __23rd__ day of January, 2021

WILLIAM MATTHEWMAN
U.S. MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

3